## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**SEDRICK SIMMS (#533144)**                           **CIVIL ACTION NO.**

**VERSUS**                                                       **21-612-JWD-SDJ**

**TIMOTHY HOOPER, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE

WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 25, 2023.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SEDRICK SIMMS (#533144)                          CIVIL ACTION NO.

VERSUS                                           21-612-JWD-SDJ

TIMOTHY HOOPER, ET AL.

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

This matter comes before the Court on the amended complaint of Sedrick Simms (hereinafter "Plaintiff" or "Simms"), who is representing himself and is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.[1] Based upon the screening process for such complaints, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims, that Plaintiff's claims against the LSP Mental Health Department, claims for failure to protect, claims for deliberate indifference against Lisa Ramsey, Juan Manchester, Paul Smith, and Robert Wright, claims against Timothy Hooper for monetary damages, and claims against Vannoy for injunctive relief be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A and that this matter be referred back to the undersigned for further proceedings on the remaining claims: Plaintiff's claims for injunctive relief against Hooper regarding his mental health treatment and claims against Vannoy in his individual capacity for monetary damages.[2]

I.    Background

Simms instituted this action on or about October 25, 2021 pursuant to 42 U.S.C. § 1983 alleging that Timothy Hooper, Lisa Ramsey, Juan Manchester, Paul Smith, Darryl Vannoy, Robert Wright, and the LSP Mental Health Department failed to protect him and acted with deliberate

---

[1] R. Doc. 5.
[2] Simms only seeks monetary damages against Defendants in their individual capacities. R. Doc. 5-1, p. 12.

indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.[3]  On October 21, 2022, this Court ordered Simms to amend his complaint to provide further details regarding his claims, including each individual Defendant's involvement, and notified him that the amended complaint would be the operative complaint in this action.[4]  On November 14, 2022, Simms filed an amended complaint.[5]  Simms seeks monetary and injunctive relief.[6]

## II.    Law & Analysis

### a.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[7]  The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.  Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil

---

[3] R. Doc. 1.
[4] R. Doc. 4.
[5] R. Doc. 5.
[6] R. Doc. 5, p.
[7] §1915(e) provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides a procedural mechanism for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff.  Simms was granted permission to proceed *in forma pauperis* on November 23, 2021 (R. Doc. 3), so both statutes apply.

Procedure.[8]  Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[9]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[12] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[13] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[14]  A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[15]

### b.  The LSP Mental Health Department is Subject to Dismissal

Simms named as a Defendant the LSP Mental Health Department.[16]  Section 1983 creates a cause of action against "[e]very *person* who, under color of any [state law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution."[17]  Only a "person" may be sued for violation of an inmate's constitutional rights.[18]  A state is not a "person"

---

[8] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[9] *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[11] *Id.*
[12] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[13] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[14] *Denton*, 504 U.S. at 33, (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).
[15] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[16] R. Doc. 5, p. 4.
[17] 42 U.S.C. § 1983 (emphasis added).
[18] *Id.*

within the meaning of § 1983.[19]  Similarly, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term."[20]  Accordingly, Plaintiff's claims against the LSP Mental Health Department are not cognizable and all claims against the LSP Mental Health Department should be dismissed.

### c.  Double-Celling is Not Per Se Unconstitutional

To the extent Simms complains he was placed in a cell with another inmate, he cannot state a claim.  Double-celling is not unconstitutional.[21]  There is no constitutional right to a single cell.[22]  Thus, Plaintiff's complaint that he was double-celled fails to state a claim and should be dismissed.

### d.  Simms has not Stated a Claim for Failure to Protect

As to the incident occurring on November 29, 2020, Simms cannot state a claim for failure to protect him from the inmate with whom he was housed, Ricky Applewhite ("Applewhite").  Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates.[23]  Although

---

[19] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).

[20] *Douglas v. Gusman*, 567 F.Supp.2d 877, 892 (E.D. La. 2008) (citing *United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973); *Cullen v. DuPage County*, No. 99-1296, 1999 WL 1212570, *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97-0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Sponsler v. Berks County Prison*, No. 95–1136, 1995 WL 92370, at * 1 (E.D. Pa. 1995); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993)).

[21] *See Rhodes* v. *Chapman*, 452 U.S. 337, 348 ("The double celling made necessary by the unanticipated increase in prison population did not lead to deprivations of essential food, medical care of sanitation."); *Collins v. Ainsworth*, 382 F.3d 529, 539 (5th Cir. 2004) (Overcrowding of persons in custody is not *per se* unconstitutional."); *Ruiz v. Estelle (Ruiz II)*, 666 F.2d 854, 858 (5th Cir. 1982) ("The [l]ack of space alone does not constitute cruel and unusual punishment, save perhaps the most aggravated circumstances.").

[22] *See, e.g.*, *Barber v. Quarterman*, 2010 WL 1417650 *9 (E.D. Tex.) (citing *Parker v. Currie*, 2010 WL 10924 (5th Cir. 2010) (inmate desired a single cell but was assigned to general population; no constitutional liberty interest infringed)).

[23] *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).

4

prison officials generally "have a duty ... to protect prisoners from violence at the hands of other inmates,"[24] "[p]rison officials are not . . . expected to prevent all inmate-on-inmate violence."[25]

"Deliberate indifference" is the standard applied in evaluating a failure to protect claim. This term has been defined as including an element of "subjective recklessness" as used in the criminal law.[26] An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk.[27] A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to avoid it.[28] In other words, for there to be liability in connection with this cause of action, there must exist an intent on the part of security officers to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm.[29] The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.[30] Mere negligence or "failure to alleviate a significant risk that [the official] should have perceived but did not" are insufficient to establish a failure to protect claim.[31] Deliberate indifference requires a level of awareness of a specific risk based upon specific information, such that general knowledge of general dangerousness or the like is not enough to support a failure to protect claim.[32]

---

[24] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

[25] *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir 2003).

[26] *Farmer*, 511 U.S. at 837.

[27] *Id.*

[28] *Id.* at 847.

[29] *Johnston*, 786 F.2d at 1259.

[30] *Farmer*, 511 U.S. at 837.

[31] *Id.* at 838. *See also, Domino v. Texas Dept. of Crim. Jus.*, 239 F.3d 752, 756 (5th Cir. 2001), *citing Farmer*, 511 U.S. at 838.

[32] *Walker v. Davis*, No. 17-166, 2019 WL 2465298, at *8 (E.D. Tex. Jan. 10, 2019). *See also Van Williams v. Samaniego*, No. 05-491, 2007 WL 9701460, at *3 (W.D. Tex. Feb. 22, 2007) (citation omitted) ("General knowledge about another inmate's violent tendencies, without more specific information about the risk, does not rise to the requisite level of awareness necessary for a finding of deliberate indifference.").

Simms has not alleged that any Defendant (or any prison official) was aware of facts to indicate that Applewhite posed a specific risk to Simms; for example, he does not allege that he and Applewhite were in a prior altercation or that Applewhite was on Plaintiff's enemy list. To the contrary, Simms does not indicate that he and Applewhite had any prior issues.[33] Even if Defendants or other prison officials had general knowledge that a mental health patient could be dangerous, that does not rise to the level of knowledge necessary to state an Eighth Amendment claim because housing an inmate with another who is a mental health patient, does not, alone, rise to the level of deliberate indifference.[34] Simms has not alleged that prison officials "consciously disregard[ed] a substantial risk of serious harm," and his claim for failure to protect arising from being housed with Applewhite should be dismissed with prejudice as Simms fails to state a claim with regard to any prison official under the facts alleged.[35]

e. **Simms has Stated a Claim for Deliberate Indifference to a Serious Medical Need against Vannoy and Hooper[36]**

Simms has, however, stated sufficient facts to state a claim against Darrel Vannoy and Timothy Hooper for deliberate indifference to Plaintiff's serious medical needs.[37] A claim of

---

[33] R. Doc. 5-1.

[34] *See, e.g., Robertson v. LeBlanc*, No. 13-171, 2014 WL 688979, at *5 (M.D. La. Feb. 20, 2013), citing *Verrette v. Major*, No. 07-547, 2011 WL 3269319 at *2 (W.D. La. July 29, 2011) (granting judgment as a matter of law in favor of defendant finding that even if defendant knew of the attacker's violent history, his actions of placing the attacker on the same work crew as the plaintiff could not rise to the level of deliberate indifference).

[35] *Id.*, citing *Farmer*, 511 U.S. at 826 (citation omitted). To the extent Simms alleges that any Defendant was deliberately indifferent to his safety because either he or Applewhite gained access to a sharp object, he also cannot state a claim because he does not allege any facts to indicate that any Defendant knew that either inmate possessed or had access to a sharp object. *See Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020) (noting that allegations that inmates often have weapons were insufficient to state a claim because the facts did not indicate that the defendant was aware of any risk to the plaintiff). *See also Lamb v. Camacho*, No. 16-292, 2017 WL 3597885, at *6 (W.D. Tex. Aug. 21, 2017) (noting that the plaintiff's deliberate indifference and failure to protect claims hinged on whether defendants knowingly provided the plaintiff with unsupervised access to razors). In this case, no facts indicate that any Defendant knowingly provided either Simms or Applewhite access to a sharp object.

[36] Vannoy and Hooper are proper Defendants for this claim.

[37] Based upon the facts of the amended complaint, it does not appear that Paul Smith, Robert Wright, Lisa Ramsey, or Juan Manchester were personally involved in the apparent, alleged denial of adequate mental health treatment to Simms, nor were they aware of the extent of Plaintiff's mental health needs. Rather, these Defendants only seem to have been involved in the moving of Simms to the cell with Applewhite, which as stated above, does not state a claim

deliberate indifference to serious medical needs requires an inmate plaintiff to demonstrate that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs."[38] "[S]ubjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.[39] *Farmer* lays out both an objective prong and a subjective prong.[40] The objective prong requires plaintiffs to demonstrate that "the deprivation alleged [was], objectively, 'sufficiently serious.'"[41] Second, under *Farmer's* "subjective" prong, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind."[42] The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[43] Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.[44]

Simms has alleged facts and provided documentation that indicates that the Warden of LSP, previously Vannoy and now Hooper, was informed on two different occasions that Plaintiff's mental health was in a dire state that required treatment he was and is unable to receive at LSP.[45] Letters from Rebecca Hensley, the Executive Director of the Louisiana Network for Criminal

---

for failure to protect. No facts are alleged to indicate that any of these Defendants were personally aware of Plaintiff's mental health struggles. Further, it appears they acted to protect Simms by placing him on suicide watch. R. Doc. 5-1, p. 10. Thus, to the extent Simms intended to bring a deliberate indifference claim against any of these Defendants, such claims are subject to dismissal.

[38] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985).

[39] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).

[40] *Id.* at 837.

[41] *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

[42] *Id.*

[43] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

[44] *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

[45] R. Docs. 5 & 5-1.

Justice Transformation, warned that Simms was in need of treatment "before it is too late."[46] Based upon the facts of the amended complaint, it appears Vannoy took no action to provide necessary mental health treatment of Simms leading up to the incident occurring on November 29, 2020, when Simms inflicted harm upon himself.[47] Considering that it appears Simms was not provided with mental health treatment, he has stated a claim for deliberate indifference to a serious medical need against Vannoy and Hooper.

Though Simms cannot state a claim against Hooper in his individual capacity for monetary relief because Hooper was not personally involved in the constitutional deprivation,[48] Hooper is a proper Defendant for injunctive relief, as he now holds the position of Warden and the individual in that position, presumably, has the power to grant prospective injunctive relief.[49] Finally, Plaintiff's claim against Vannoy for injunctive relief is subject to dismissal, as Vannoy no longer as the authority to grant injunctive relief with respect to the claims herein.[50]

### f. Exercise of Jurisdiction over Potential State Law Claims Should be Denied

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the

---

[46] R. Doc. 5-1, pp. 17-18.

[47] This is the same date Simms was moved into a cell with Applewhite. R. Doc. 5, p. 9. It is unclear from the complaint whether Simms or Applewhite initiated the confrontation.

[48] *See Green v. Director, TDCJ-CID*, No. 20-328, 2022 WL 484098 (E.D. Tex. Jan. 20, 2022) (explaining that personal involvement is an essential aspect of a § 1983 cause of action).

[49] Though Hooper was not Warden at the time of the incident, he is the proper party for prospective injunctive relief, should any be necessary. *See Strong v. Livingston*, No. 12-106, 2013 WL 6817095, at *9 (S.D. Tex. Dec. 20, 2013) (noting that successors of the proper parties would be the necessary parties to enforce prospective injunctive relief). The Court notes that though the exact injunctive relief sought (a transfer to EHCC) may not be appropriate, the Court reads the amended complaint broadly as seeking access to proper mental health treatment.

[50] *See Walker v. Davis*, No. 17-166, 2019 WL 2465298, at *14 (E.D. Tex. Jan. 10, 2019) (noting that the former Warden had no authority to grant injunctive relief).

district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[51]  Here, because the undersigned recommends retaining only the claim of deliberate indifference to a serious medical need, it is appropriate to decline to exercise supplemental jurisdiction over any potential state law claim because any potential state law claim based upon these facts would require a wholly different analysis than an excessive force claim.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over potential state law claims, that Plaintiff's claims against the LSP Mental Health Department, claims for failure to protect, claims for deliberate indifference against Lisa Ramsey, Juan Manchester, Paul Smith, and Robert Wright, claims against Timothy Hooper for monetary damages, and claims against Vannoy for injunctive relief be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A and that this matter be referred back to the undersigned for further proceedings on the remaining claims: Plaintiff's claims for injunctive relief against Hooper regarding his mental health treatment and claims against Vannoy in his individual capacity for monetary damages.

Signed in Baton Rouge, Louisiana, on January 25, 2023.


_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[51] 28 U.S.C. § 1367.